**Santiago SANTANA, Movant,**

v.

**UNITED STATES of America, Respondent.**

**No. 97 CIV. 2574(LAK).**

United States District Court, S.D. New York.

Oct. 31, 1997.

Santiago Santana, Movant pro se.

Jennifer M. Moore, Assistant United States Attorney, Mary Jo White, United States Attorney, for U.S.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Santiago Santana moves this Court under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence based on the alleged ineffectiveness of his counsel at sentencing. For the following reasons, the Court finds that Santana is not entitled to relief.

*Background*

On July 30, 1993, Santana pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846. Judge Pierre Leval sentenced him on April 29, 1994 to 130 months' imprisonment. Santana did not directly appeal his conviction or sentence.

By *pro se* application dated February 24, 1997, Santana moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. The motion alleges that Santana had ineffective assistance of counsel at sentencing. Specifically, Santana claims that: (1) his attorney failed to object to Judge Leval's imposition of a sentence at the high end of the applicable guideline range; and (2) his attorney failed to object when Judge Leval did not state on

the record a particularized reason for selecting and imposing the 130 month sentence.

*Discussion*

Santana's motion is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA, which became effective on April 24, 1996, requires that Section 2255 motions be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (6th unnumbered paragraph). Prior to the enactment of the AEDPA, no time limit applied to the filing of Section 2255 motions.[1] Because Santana's motion was brought almost three years after his judgment became final, the new one—year time limit, if applied strictly, would bar Santana's motion.

■ However, because Santana had a right to bring a claim up until the date of the AEDPA's enactment, he must be afforded a reasonable opportunity after the AEDPA's enactment to pursue it.[2] "A statute cannot retroactively bar a prisoner from his or her ability to have a court consider the propriety of a § 2255 motion without first having a reasonable time to bring the claim; addition-

ally, there is no indication Congress intended to foreclose prisoners who had no prior notice of the new limitations period from bringing their § 2255 motions."[3] Indeed, a number of Circuits have held that prisoners are entitled to a full year after the effective date of the AEDPA to bring Section 2255 claims.[4]

The Second Circuit has yet to expressly consider the effect of the new one-year time limit on Section 2255 claims arising out convictions final more than one year prior to the AEDPA's effectiveness date but filed after that date.[5] However, in considering the almost identical provision governing habeas corpus petitions under 28 U.S.C. § 2254, the Second Circuit held that prisoners are permitted a "reasonable time" after the effective date of the AEDPA to file a petition. In contrast to other Circuits, the Second Circuit found "no need to accord a full year after the effective date of the AEDPA."[6]

This Court finds no reason to treat the time limit for Section 2255 motions differently from that applicable to Section 2254 habeas petitions. The language of the two time limits is nearly identical.[7] The legislative

1. The only time restriction on Section 2255 motions pre-AEDPA was Rule 9(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, which permitted district courts to dismiss a motion "if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred."

2. *See Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982) ("A statute could not bar the existing rights of claimants without affording ... a reasonable time after they take effect for the commencement of suits upon existing causes of action.").

3. *United States v. Simmonds,* 111 F.3d 737, 745 (10th Cir.1997).

4. *See id.* at 746 ("we hold the one-year limitations period ... a reasonable time for prisoners to bring § 2255 motions whose convictions became final before the [AEDPA] took effect"); *Calderon v. United States District Court for the Cent. Dist. of California,* 112 F.3d 386, 389 (9th Cir. 1997) ("No petition filed on or before April 23, 1997—one year from the date of AEDPA's enactment—may be dismissed [as untimely]."); *Lindh*

*v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (determining "no collateral attacks filed by April 23, 1997, may be dismissed under ... 28 U.S.C. § 2255").

5. The Second Circuit held that the new time limits do not apply to habeas petitions filed before April 24, 1996, the AEDPA's effectiveness date. *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996).

6. *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir. 1997). For applications of *Peterson* to specific cases, see *Carter v. United States of America,* 1997 WL 642328, at *1 (E.D.N.Y. Sept.5, 1997) (over eleven months after the AEDPA not a "reasonable time" for a § 2255 motion); *Joseph v. McGinnis,* 1997 WL, 531312, at *2 (S.D.N.Y. Aug. 27, 1997) (364 days after April 24, 1996 unreasonable time for bringing § 2254 motion); *Oppenheimer v. Kelly,* 1997 WL 362216 at *1 (S.D.N.Y. June 27, 1997) (habeas petition filed 350 days after AEDPA's effectiveness date not timely).

7. *Compare* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus.... The limitations period shall run from the latest of (A) the date on which the judgment became final by the conclu-

history of the AEDPA reveals no Congressional intent to apply different time limits to habeas petitions and Section 2255 motions.[8] Other courts have treated the two time limits the same.[9] And the Second Circuit has construed other similar provisions of Sections 2254 and 2255 in like manner.[10]

■ In this case, Santana's motion was filed at least 306 days after the effective date of the AEDPA and almost three years after his judgment of conviction became final.[11] Santana fails to offer a legitimate justification for the delay. His motion is thus untimely because he did not file it within a reasonable time after the effective date of the AEDPA.[12]

■ Even assuming, *arguendo,* that his motion was timely, Santana's claim is without merit for at least three additional reasons. First, Santana specifically waived any right to appeal a sentence that fell within the sentencing range specified in the plea agreement, in this case 120–135 months.[13] Santana was sentenced to 130 months imprisonment, which was within the specified range. "In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." [14]

■ Second, Santana failed to raise his claims on direct review. "A party who fails to raise an issue on direct appeal and subsequently endeavors to litigate the issue via a § 2255 [motion] must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.' A fortiori, such a showing must be made when there is a complete failure to take direct appeal." [15] Santana does not assert any justifiable grounds for his failure to take a direct appeal, and therefore is not entitled to raise these claims for the first time in his Section 2255 motion.

■ Finally, even if Santana had not waived his right to appeal the sentence and had demonstrated a legitimate basis for failing to take a direct appeal from his sentence, his underlying legal claim has no merit. Santana argues, through the guise of an ineffective assistance of counsel claim, that the sentencing judge improperly sentenced him at the higher end of the range and failed to make a particularized finding with regard to the sentence he selected. Of course, the sentencing judge, after taking due notice of appropriate considerations, may sentence the defendant to a term of imprisonment within the concededly applicable guideline range. Under 18 U.S.C. § 3553(c)(1), if a sentence is within the guideline range and the range exceeds 24 months, the judge at the time of sentencing must state in open court the reasons for imposing a sentence at a particular point within the range.

In this case, Judge Leval adequately expressed his reasons for selecting a sentence of 130 months. He stated that Santana's sentence was at the higher end of the range because of Santana's conduct after pleading

sion of direct review or the expiration of the time for seeking such review ...") *with* § 2255 ("A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final ...").

8. In fact, the legislative history is largely silent with respect to the new time limit on filing § 2255 motions. The record makes clear Congress's intent to set "a one year limitation on an application for a habeas writ" and "a time limit within which the district court must act on a writ" in capital cases. *See* 1996 U.S.Code Cong. and Adm. News, p. 924.

9. *Lindh,* 96 F.3d at 866; *Carter,* 1997 WL 642328, at *1 (E.D.N.Y. Sept.5, 1997) (applying *Peterson's* § 2254 to time-bar a § 2255 motion).

10. *See, e.g., Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997) (analyzing certificate of appealability issues under both §§ 2254 and 2255).

11. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (timeliness of prisoners' filings measured from date papers handed to prison authorities for mailing).

12. *Peterson,* 107 F.3d at 93.

13. Plea Agreement at 2.

14. *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.), *cert. denied,* 509 U.S. 931, 113 S.Ct. 3060, 125 L.Ed.2d 742 (1993).

15. *United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995) (citations omitted).

guilty.[16] Santana's argument that the sentencing court failed to comply with 18 U.S.C. § 3553(c) is therefore without merit. Certainly Santana has not demonstrated that his attorney's failure to object to Judge Leval's rulings was "error[ ] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." [17]

### Conclusion

For the reasons expressed above, Santana's motion to vacate, set aside or correct his sentence is denied. Santana's application for the appointment of counsel is denied because he has failed to raise any substantial question that warrants the appointment of counsel. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 because the movant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(3) that any appeal from this order would not be taken in good faith.

SO ORDERED.

---

**16.** In particular, Judge Leval stated at the sentencing: "I think the court could well justify under these facts sentencing the defendant to a very much higher sentence because it is not completely clear that he continues to qualify for the acceptance of responsibility after having sought to withdraw his guilty plea and further testified in the manner that the court found untruthful at the hearing. I think under the circumstances, I will sentence the defendant in accordance with the plea agreement.... I must say that it would have been 120 months were it not for the fact of actions taken by the defendant since the time of the plea." Sent. Tr. at 11–12.

**17.** *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).