Rogelio **VELASQUEZ**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

No. 98 CIV. 0093 (PKL).
No. 92 Cr. 1114 (PKL).

United States District Court,
S.D. New York.

June 15, 1998.

Rogelio Velasquez, White Deer, PA, pro se.

Thomas M. Finnegan, Assistant United States Attorney, United States Attorney's Office, New York City, for Respondent.

## OPINION AND ORDER

LEISURE, District Judge.

Petitioner *pro se,* Rogelio Velasquez, is a federal prisoner challenging his sentence pursuant to 28 U.S.C. § 2255. On April 12, 1993, Velasquez pleaded guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. As part of the plea agreement, a remaining count of possession with intent to distribute approximately 40 kilograms of cocaine was dismissed and the Government agreed not to file prior felony information potentially relevant to Velasquez's sentence. The parties also agreed not to appeal any sentence falling within a range set forth in the plea agreement.

Velasquez now argues (1) that the Court erred in accepting his guilty plea because his plea allocution was insufficient to support all required elements of the conspiracy charge, and (2) that Velasquez's counsel was ineffective in that counsel allowed Velasquez to plead guilty without fully investigating the case and failed to file an appeal at Velasquez's request. For the reasons stated, *infra,* the Court denies Velasquez's petition.

## BACKGROUND

On December 4, 1992, Velasquez was arrested for his activities in furtherance of a conspiracy to possess and distribute cocaine. Among the activities attested to by the Federal Bureau of Investigation were (1) the delivery of approximately 40 kilograms of cocaine to Velasquez; (2) conversations concerning Velasquez's difficulty selling the cocaine, a possible reduction in the price of the cocaine, and the possibility of returning a portion of the cocaine to the supplier; and (3) trips made to Manhattan by Velasquez and others to arrange for automobiles to be delivered as partial payment for the cocaine.

Pursuant to a plea agreement, Velasquez pleaded guilty to distribution of between 50 and 150 kilograms of cocaine in furtherance of the conspiracy. On September 15, 1993, this Court sentenced him to 188 months in prison, in accordance with the Sentencing Guidelines. As both parties had agreed that neither would appeal if the sentence fell be-

tween 188 and 235 months, no appeal was taken.

Two and a half years later, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. No. 104–132, 110 Stat. 1214 (codified at 28 U.S.C. § 2255(1)-(4) (Apr. 24, 1996)). The AEDPA establishes a one-year period of limitation for the filing of writs of habeas corpus. On November 10, 1997, almost 18 months after the AEDPA became effective, Velasquez filed the instant motion pursuant to § 2255.

## DISCUSSION

### I. Timeliness of the Petition

■ The AEDPA imposes a one-year limit on the filing of petitions pursuant to § 2255.[1] *See, e.g., Rodriguez v. Artuz,* 990 F.Supp. 275, 283 (S.D.N.Y.1998). For convictions entered before the AEDPA was enacted, the Court of Appeals for the Second Circuit applies a "reasonable time" standard to habeas corpus petitions filed more than one year after the date of the judgment but less than one year after the AEDPA effective date. *Reyes v. Keane,* 90 F.3d 676, 679 (2d Cir.1996). The Second Circuit has stated, in connection with a petition pursuant to 28 U.S.C. § 2254,[2] "[W]here a state prisoner has had several years to contemplate bringing a federal habeas corpus petition, [there is] no need to accord a full year after the effective date of the AEDPA." *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997) (finding that a petition brought 72 days after the enactment was timely). This analysis is equally applicable to a federal prisoner's petition pursuant to § 2255. *See Lozada v. United States,* 107 F.3d 1011, 1013 (2d Cir.1997) (analyzing certificate of appealability issues under both § 2254 and § 2255); *see also Massaro v. United States,* Nos. S1 92 CR. 529, 97 Civ. 297, 1998 WL 241625, at *1 (S.D.N.Y. May 12, 1998) (applying *Peterson* to a petition

brought pursuant to § 2255); *Santana v. United States,* 982 F.Supp. 942, 944–45 (S.D.N.Y.1997) (same).

■ Generally, courts in this District have found that habeas corpus petitions that concern convictions for which final judgment was entered prior to the AEDPA effective date, and that are filed nearly a full year after the AEDPA effective date, are untimely. *See Albert v. Strack,* No. 97 Civ. 2978, 1998 WL 9382, at *2 (S.D.N.Y. Jan.13, 1998) (Sotomayor, J.); *see also, e.g., Howard v. Lacy,* No. 97 Civ. 2286, 1997 WL 749390, at *3 (S.D.N.Y. Dec.4, 1997) (holding a petition untimely when filed 340 days after enactment of the AEDPA and eleven years after the conviction became final); *Santana,* 982 F.Supp. at 945 (holding a petition untimely when filed 306 days after enactment of the AEDPA and three years after the conviction became final). Furthermore, *Peterson* implies that the "reasonable time" for filing can be no more than one year. *See Rodriguez,* 990 F.Supp. at 276. In the instant matter, Velasquez filed the § 2255 petition one and a half years after the enactment of the AEDPA. Therefore, the petition clearly is untimely.

■ In an attempt to demonstrate extenuating circumstances contributing to the tardiness of his petition, Velasquez proffers several excuses for the late arrival of his petition. Although the discussion above is sufficient to demonstrate that the petition must be denied, the Court is mindful of the Second Circuit's mandate that the "reasonable time" restriction should not be applied with "undue rigor." *Peterson,* 107 F.3d at 93. The Court, therefore, will address petitioner's excuses to determine if any are sufficiently compelling to render the petition timely.

■ Velasquez first argues that the Bureau of Prisons did not inform prisoners of the new time limitation under the AEDPA

---

1. The relevant clauses impose a limitations period beginning from the "latest of (1) the date on which the judgment of conviction [became] final [and] (2) the date on which the impediment to making [the] motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

prevented from making a motion by such governmental action." 28 U.S.C. § 2255(1), (2) (1996).

2. Section 2254 provides for remedies in federal court for state prisoners, while § 2255 provides for remedies in federal court for federal prisoners.

and, as a result, he was not aware of the limitation until fellow prisoners began rushing to file their petitions. This is unpersuasive because petitioner has no entitlement to personal notice from the Government. *Cf. Torres v. INS*, No. 144 F.3d 472 (7th Cir. 1998) (Posner, J.) (holding that a petition to review deportation orders should be deemed untimely even though the change in law shortening the statute of limitations was not yet published in the standard computerized legal research databases). It has long been recognized that ignorance does not excuse lack of compliance with the law. *See, e.g., Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384–85, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir.1981); *Brown v. Superintendent, Elmira Correctional Facility*, No. 97 Civ. 3303, 1998 WL 75686, at *4 (S.D.N.Y. Feb.23, 1998); *Albert*, 1998 WL 9382, at *4.

■ Velasquez next argues that because of a ten-month governmental delay in providing the plea allocution transcript, he was unable to file the motion in a timely manner. Because Velasquez makes no valid argument as to why he could not have ordered the transcript earlier, this claim is without merit. Velasquez did not request the transcript during the two-and-a-half-year period after his conviction and before the AEDPA's enactment. Then, after the AEDPA was enacted, Velasquez waited six additional months before ordering the transcript. Therefore, although governmental inaction may have worked to delay his petition, such inaction certainly was not the primary dilatory factor. Even if the transcript had arrived on Velasquez's doorstep the day after he had ordered it, his petition would have been submitted approximately eight months after the AEDPA's enactment. Thus, even if Velasquez had not been hindered by Government-created obstacles, his petition would have been untimely.

■ Relying on *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), Velasquez also contends that the AEDPA does not work retroactively to bar habeas corpus petitions regarding underlying convictions that occurred before its enactment.[3] However, *Lindh*'s discussion of retroactivity concerns only actual habeas cases that have been filed before the enactment, not underlying cases being challenged in the habeas petition. *See Lindh*, 521 U.S. at ——, 117 S.Ct. at 2061.[4] Under Velasquez's interpretation, any conviction for which final judgment was entered prior to the AEDPA's enactment could be challenged in perpetuity under § 2255, and no initial habeas corpus motions concerning such convictions would ever be time-barred. This reading of the statute is in direct opposition to the primary goals the AEDPA, namely, "speed and finality." *Rodriguez*, 990 F.Supp. at 280 (detailing relevant statements from the Congressional Record). For these reasons, the Court finds there are no compelling circumstances that require extension of the "reasonable time" standard of *Peterson*.

## II. Purported Unconstitutionality of a Time Limit for Habeas Corpus Petitions

A district court's recent denial of a respondent's motion to dismiss an otherwise time-barred habeas corpus petition also is relevant to the instant petition and merits discussion. *See Rosa v. Senkowski*, No. 97 Civ. 2468, 1997 WL 436484 (S.D.N.Y.1997), *certified for interlocutory appeal as* 1997 WL 724559 (S.D.N.Y. Nov.19, 1997), *appeal docketed*, No. 97–29774 (2d Cir. Dec. 31, 1997). In *Rosa*, Judge Robert W. Sweet held that even though the petition was untimely, it must be

---

3. Velasquez's additional contention, made in passing, that the limitation imposed by the AEDPA on habeas corpus petitions violates the Ex Post Facto Clause of the Constitution (Art. I, § 9, cl.3), is incorrect as this clause applies only to penal laws. *See Doe v. Pataki*, 120 F.3d 1263, 1272 (2d Cir.1997) (enumerating categories of legislative actions to which the Ex Post Facto Clause applies); *see also Dobbert v. Florida*, 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) ("Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto.").

4. The Seventh Circuit's ruling, which the Second Circuit has declined to follow, that no petition will be denied as long as it is filed within a year of the AEDPA's enactment date, is not relevant in this instance. *See Lindh v. Murphy*, 96 F.3d 856, 866 (1996) (en banc), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

allowed because the AEDPA's one-year limit for habeas petitions violates the Suspension Clause of the Constitution. *See Rosa,* 1997 WL 436484, at *11; *see also Montalvo v. Portuondo,* No. 97 Civ. 3336, 1997 WL 752728 (S.D.N.Y. Dec.4, 1997) (Sweet, J.) (reaffirming *Rosa* holding). *But see, e.g., Rodriguez,* 990 F.Supp. at 277–84 (Sotomayor, J.); *Brown,* 1998 WL 75686, at *3 (Mukasey, J.). To the extent that *Rosa* holds that the AEDPA is in all cases an unconstitutional suspension of the writ and that a first habeas corpus petition must always be heard on the merits, this Court respectfully declines to follow Judge Sweet's holding.

In *Rodriguez,* Judge Sonia Sotomayor noted that the pertinent analysis for determining whether the one-year statute of limitations of the AEDPA constitutes a suspension of the writ is whether the limitation renders the remedy of habeas "ineffective or inadequate to test the legality of the detention." *Rodriguez,* 990 F.Supp. at 279 (quoting *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)); *accord Brown,* 1998 WL 75686, at *3–4; *White v. Garvin,* No. 97 Civ. 3244, 1997 WL 626396, at * 3 (S.D.N.Y. Oct.8, 1997) (Scheindlin, J.) (referring, *inter alia,* to *Lonchar v. Thomas,* 517 U.S. 314, 322, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) (stating that habeas corpus can be regulated by formal judicial statutory, or rule-based doctrines of law)); *cf. United States v. Hayman,* 342 U.S. 205, 209, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (holding that § 2255 is an adequate remedy even in light of a limiting clause requiring a petitioner to exhaust other remedies first, and therefore not reaching the constitutional question). The Court concurs with Judge Sotomayor insofar as she concluded in *Rodriguez* that if the petitioner has made no substantiated claim of innocence,[5] and if adequate time has been provided to test the legality of the petitioner's detention, the writ may be procedurally barred. Therefore, as Velasquez has presented no credible claims

of innocence and has enjoyed adequate time to file his motion, there is no question that the AEDPA is constitutionally sound as applied in the instant case. Accordingly, the petition is time-barred.

### CONCLUSION

For the reasons stated, *supra,* petitioner's motion to vacate his sentence is HEREBY DENIED.

**SO ORDERED.**

---

5. Because Velasquez's assertion of innocence is completely unsupported by any new or compelling evidence, barring his claim poses no threat of any fundamental miscarriage of justice. *See Schlup v. Delo,* 513 U.S. 298, 298–300, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (holding that claims

of innocence must be supported to be credible); *see also United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Campino v. United States,* 968 F.2d 187, 189–90 (2d Cir.1992).