**Angel Alberto THEN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00 CIV. 6520(DC).**

United States District Court, S.D. New York.

Jan. 3, 2001.

---

Angel Alberto Then, Loretto, PA, Petitioner Pro Se.

Mary Jo White, United States Attorney for the Southern District of New York, By Elizabeth F. Maringer, Assistant United States Attorney, New York, for Respondent.

## MEMORANDUM DECISION

CHIN, District Judge.

*Pro se* petitioner Angel Alberto Then petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. In its response to the petition, the Government argues only that Then filed his petition after the one-year statute of limitations for section 2255 petitions had expired. Because I find that Then's petition was timely filed, the Government is ordered to address the merits of the petition.

## BACKGROUND

On October 24, 1995, a jury convicted Then of conspiracy to distribute and pos-

sess with intent to distribute heroin in violation of 21 U.S.C. § 846 and of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812 and 841(b)(1)(A). On June 3, 1998, I sentenced Then to a term of imprisonment of 128 months, to run concurrently with a 96–month sentence imposed by Judge John F. Keenan in a separate case.

Then appealed his conviction to the Second Circuit, which affirmed on March 26, 1999, *see United States v. Then,* 175 F.3d 1009, 1999 WL 177242 (2d Cir.1999), and issued its mandate on April 16, 1999. Then did not petition the Supreme Court for a writ of certiorari. He filed the instant section 2255 petition on June 25, 2000.[1]

## DISCUSSION

As a result of the amendments enacted by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), section 2255 petitions are now subject to a one-year statute of limitations. Except in circumstances inapplicable here, the statute of limitations period commences on "the date on which the [petitioner's] judgment of conviction becomes final." *See* 28 U.S.C. § 2255.

Where a defendant does not file a petition for a writ of certiorari with the Supreme Court, the courts are split as to whether the statute of limitations for a section 2255 motion begins to run from the date the Court of Appeals issues its mandate or when the petitioner's time to seek certiorari expires.[2] *Compare, e.g., Gendron v. United States,* 154 F.3d 672, 674 (7th Cir.1998), *cert. denied,* 526 U.S. 1113, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999)

---

1. Then's Section 2255 petition is dated June 25, 2000. "A pro se petitioner's papers are considered filed when they are handed over to prison officials for forwarding to the court"; accordingly, this Court treats June 25, 2000 as the formal date of filing. *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000).

2. After the Court of Appeals renders its decision, a defendant has ninety days to seek a writ of certiorari from the Supreme Court. *See* Sup.Ct. R. 13.1.

(holding that, for a federal prisoner who does not seek certiorari from the Supreme Court, the statute of limitations runs from the date the Court of Appeals issues its mandate), *with Kapral v. United States,* 166 F.3d 565, 570–71 (3d Cir.1999) (holding that the statute of limitations runs from the last date on which a prisoner may seek certiorari review). Although the Second Circuit has held that a section 2254 petitioner's conviction becomes "final" when the time for seeking certiorari expires, *see Valverde v. Stinson,* 224 F.3d 129, 132 (2d Cir.2000), it has not reached the issue with respect to petitions filed under section 2255. *See White v. United States,* No. 99 Civ. 11809(SHS), 2000 WL 546426, at *1, 2000 U.S. Dist. LEXIS 5832, at *2 (S.D.N.Y. May 4, 2000) (stating that "the Second Circuit has not opined" as to whether the statute of limitations for a section 2255 petition begins to run after a petitioner's time to seek certiorari has elapsed).

In the instant case, the timeliness of Then's petition depends upon whether his conviction became final on the date of the Second Circuit mandate or the last date he could have filed a petition for a writ of certiorari. If, as the Government urges, I adopt the position taken by the Seventh Circuit in *Gendron,* Then's conviction became final on April 16, 1999, and his petition had to filed no later than April 16, 2000. If I adopt the opposite position, Then's conviction became final on June 24, 1999, and his petition had to be filed no later than June 26, 2000.[3] Under this second scenario, Then's petition, filed June 25, 2000, is timely.

Within this Circuit, district courts confronted with this issue have reached different results. In at least five cases, courts have assumed, without comment, that a section 2255 petitioner's conviction became final on the last day that the petitioner could have sought a writ of certiorari from the Supreme Court. *See Bryant v. United States,* No. 99 Civ. 5736(JFK), 2000 WL 1818582, 2000 U.S. Dist. LEXIS 17885, at *5 (S.D.N.Y. Dec. 11, 2000); *Ramos v. United States,* No. 99 Civ. 5736(JFK), 2000 WL 1238891, 2000 U.S. Dist. LEXIS 12340, at *2–*3 (S.D.N.Y. Aug. 29, 2000); *Lopez v. United States,* No. 98 Civ. 7969(JFK), 2000 WL 1229393, 2000 U.S. Dist. LEXIS 12386, at *13 (S.D.N.Y. Aug. 29, 2000); *Johnstone v. United States,* No. 98–CV–7369 (JG), 1999 WL 672946, 1999 U.S. Dist. LEXIS 13178, at *8 (E.D.N.Y. Aug. 25, 1999); *Andres v. United States,* No. 97 Civ. 3246(HB)(DFE), 1997 WL 778760, 1997 U.S. Dist. LEXIS 23531, at *1 (S.D.N.Y. Dec. 15, 1997). At least two decisions have held that the statute of limitations commenced on the date the Court of Appeals issued its mandate. *See Mohamed v. United States,* No. CV 99–6617(RR), 2000 WL 520963, 2000 U.S. Dist. LEXIS 5264, at *11 (E.D.N.Y. Mar. 15, 2000); *Beras v. United States,* No. CV 99–0400(RR), 1999 WL 754277, 1999 U.S. Dist. LEXIS 14670, at *6 (E.D.N.Y. Aug. 19, 1999). In other cases, the courts simply did not reach the issue. *See, e.g., White,* 2000 WL 546426, at *1, 2000 U.S. Dist. LEXIS, at *2; *Ambrosio v. United States,* No. 99 Civ. 9626(DC), 2000 WL 109009, 2000 U.S. Dist. LEXIS 802, at *7 n. 4 (S.D.N.Y. Jan. 28, 2000); *Jean v. United States,* No. 99–CV–8702 (RR), 2000 WL 709016, 2000 U.S. Dist. LEXIS 7224, at *5 (E.D.N.Y. Apr. 4, 2000); *Ordonez v. United States,* No. 97 Civ. 3787(CSH), 1998 WL 292317, 1998 U.S. Dist. LEXIS 8079, at *6 n. 2 (S.D.N.Y. June 3, 1998).

The Government argues that a comparison of the language in sections 2244 (which sets forth the limitations period for section 2254 petitions) and 2255 suggests that Then's conviction became final on the date that the Second Circuit issued its mandate. The Government points out that, unlike

---

**3.** Because June 24, 2000, fell on a Saturday, Then had until June 26, 2000, to timely file this petition. *See* Fed.R.Civ.P. 6(a) (providing that, where the last day of a time period for filing a court paper is a Saturday, Sunday, or legal holiday, the period runs until the end of the next business day).

section 2255, section 2244 provides that the statute of limitations for a state habeas petition shall run from, *inter alia,* the "date on which the judgment became final *by the conclusion of direct review or the expiration of the time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Because section 2255 omits the underscored language, the Government argues, courts should treat federal habeas petitions differently than state habeas petitions, and calculate the statute of limitations period from the date that the Court of Appeals issues its mandate—rather than the last date upon which the petitioner could have filed a writ of certiorari with the Supreme Court. *See also Harris v. United States,* No. 97 Civ.1904(CSH), 1998 WL 63459, 1998 U.S. Dist. LEXIS 1656, at *9 (S.D.N.Y Feb. 17, 1998) (posing, but not answering, the question of "whether the[ ] differences in statutory language [between Section 2244 and Section 2255] impact upon the inclusion of the ninety-day certiorari period in the determination of finality of the judgment of conviction").

The Government's contention is unconvincing. As Judge Kaplan has observed,

[There is] no reason to treat the time limit for Section 2255 motions differently from that applicable to Section 2254 habeas petitions. The language of the two time limits is nearly identical. The legislative history of the AEDPA reveals no Congressional intent to apply different time limits to habeas petitions and Section 2255 motions. Other courts have treated the two time limits the same. And the Second Circuit has construed other similar provisions of Sections 2254 and 2255 in like manner.

*Santana v. United States,* 982 F.Supp. 942, 944–45 (S.D.N.Y.1997) (footnote citations omitted) (addressing issue of whether, when AEDPA was enacted, section 2255 petitioners were entitled to a full year after AEDPA took effect to file their petitions, when their convictions became final more than one year before its effective date); *see also Baskin v. United States,*

998 F.Supp. 188, 189 (D.Conn.1998). The difference in language is not meaningful, as section 2255 simply omits the definition of "final" without providing any alternative definition. *See* 28 U.S.C. § 2255. The Government does not cite any legislative history to suggest that Congress intended to apply different time periods. Moreover, it is not logical to require a prisoner to file a motion pursuant to section 2255 for collateral review when he still has the ability to seek review directly. *See Kapral,* 166 F.3d at 570–71. Accordingly, I hold that the statute of limitations for a section 2255 petition does not begin to run until the petitioner's time to seek a writ of certiorari from the Supreme Court has expired. Consequently, Then's petition is timely.

The Government is ordered to respond to Then's petition on the merits. The Government shall submit its opposition to the petition by January 29, 2001. Then's reply, if any, is due no later than February 26, 2001.

SO ORDERED.