**Nelson GERMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 01 CIV. 1162(JSR).
No. 98 CR. 808(JSR).

United States District Court, S.D. New York.

July 3, 2002.

Nelson German, Elkton, Lisbon, OH, pro se.

Mark F. Mendelsohn, Assistant United States Attorney, United States Attorney's Office, New York City, for U.S.

## ORDER

RAKOFF, District Judge.

On December 28, 2001, the Honorable Gabriel Gorenstein, United States Magistrate Judge issued a Report and Recommendation recommending that this Court deny the petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2255 as time barred. After plaintiff filed objections thereto, the Court undertook *de novo* review of the underlying record and of the issues raised by petitioner therein. Having done so, however, this Court finds itself in agreement with the Report and Recommendation and hereby adopts it in its entirety. Accordingly petitioner's request for a writ of habeas corpus is hereby denied. Clerk to enter judgment.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

GORENSTEIN, United States Magistrate Judge.

Nelson German, proceeding *pro se*, brings this petition for writ of habeas corpus under 28 U.S.C § 2255. German is currently an inmate at the Federal Correctional Institution in Elkton, Ohio. *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Petition"), at 2.

*BACKGROUND*

On July 15, 1998, Nelson German, along with a number of other individuals, was arrested for conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C.

§§ 812, 841(a)(1) and 841(b)(1)(A). *See* Sealed Complaint, filed July 14, 1998, at 2–3. On July 17, 1998, German was assigned counsel. *See* Docket Sheet, *United States v. German,* 98 Cr. 808. On July 28, 1998, a grand jury returned an indictment against German and his co-defendants. *See id.;* Indictment, filed July 28, 1998 (annexed as "Exhibit Appendix A" to the Petition). After various pre-trial proceedings, on April 5, 1999, German pled guilty to an information charging him with one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. *See* Docket Sheet, *United States v. German,* 98 Cr. 808; Judgment, filed July 30, 1999.

The plea was made pursuant to a plea agreement. *See* Letter from Assistant United States Attorney Michael Gilbert to Jeremy Schneider, Esq., dated April 5, 1999, at 1 ("Plea Agreement") (copy annexed to Letter of Assistant United States Attorney Mark F. Mendelsohn to Magistrate Judge Gabriel W. Gorenstein, dated June 8, 2001.) In exchange for the guilty plea, the Government, *inter alia,* stipulated that German's Sentencing Guidelines range would be 87 to 108 months and that no upward or downward departure from this range was warranted. *See* Plea Agreement at 3. German gave up his right to challenge, by means of appeal or petition pursuant to 28 U.S.C. § 2255, any sentence within or below the range of 87 to 108 months. *Id.* at 4. On July 29, 1999, District Judge Rakoff sentenced German to a term of imprisonment of 87 months. *See* Judgment, filed July 30, 1999.

On August 12, 1999, German filed in the district court a *pro se* notice of appeal to the Court of Appeals for the Second Circuit. *See* Docket Sheet, *United States v. German,* No. 98 Cr. 808; Petition, Exhibit F, ¶ 8. On September 24, 1999, his attorney filed a motion in the Second Circuit seeking the appointment of a new assigned counsel. *Id.* ¶ 14. By a document dated October 23, 1999, however, German moved in the Second Circuit to withdraw his appeal on the ground that his reason for appealing was based on his dissatisfaction with trial counsel and that such claims "are more appropriate[ly] raised in a post-conviction motion to vacate sentence under 28 U.S.C. § 2255." *See* Petition (unnumbered exhibit). On November 1, 1999, Rosa's attorney submitted an affidavit stating that he had been unaware that a notice of appeal had been filed and seeking to be relieved as counsel. On November 4, 1999, the Court of Appeals issued an order granting German's motion to withdraw the appeal and also relieving his trial counsel. *See* Order filed November 4, 1999 (2d Cir. No. 99–1528).

*German's Motion to Vacate Sentence under 28 U.S.C. § 2255*

German's present motion is dated January 15, 2001, and was received by the Pro Se Office of the Court on January 29, 2001. The petition itself indicates but a single ground for relief: ineffective assistance of counsel. Petition at 5. In an accompanying memorandum of law attached to the Petition and dated January 15, 2001 (hereafter, "Brief"), however, German sets forth the following specific claims: (1) his trial counsel could not communicate with him in Spanish and failed to translate relevant documents, including the plea agreement (Brief at 9–10); (2) German is currently unable to conduct legal research because there are no legal research materials in Spanish (Brief at 6–8); (3) German's plea was not voluntary and intelligent because he had not been informed by counsel or the Court that the Government would have to prove the amount and quality of the controlled substance beyond a reasonable doubt (Brief at 11); (4) 21 U.S.C. §§ 841(a)(1) and 846 are facially unconstitutional because they do not contain a

maximum punishment (Brief at 11–12); (5) the Grand Jury indictment was facially insufficient because it did not "determine" each element of the offense charged (Brief at 12–13).

On April 9, 2001, the Government was ordered to file an "answer or other pleading" in response to German's petition. Instead, on June 8, 2001, the Government submitted a letter to the undersigned arguing that German's petition should be dismissed because it is time-barred, because it is procedurally barred, and because, by virtue of his plea, German waived his right to attack his conviction through a section 2255 petition. *See* Letter of Assistant United States Attorney Mark F. Mendelsohn to Magistrate Judge Gabriel W. Gorenstein, dated June 8, 2001. On July 16, 2001, German submitted a Traverse that addressed only the procedural bar. *See* Traverse, filed July 18, 2001.

*DISCUSSION*

28 U.S.C. § 2255 permits a federal prisoner to collaterally attack his judgment of conviction. The right to bring such an attack, however, is subject to a statute of limitations. Section 2255 provides that the time to bring a § 2255 motion runs "from the latest of—"

(1) the date on which the defendant's judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

■ German's petition is dated January 15, 2001. It was stamped "received" by the Pro Se Office on January 29, 2001. Under the "prison mailbox rule," German is entitled to have the petition deemed filed on the date he entrusted it to prison authorities for mailing, *see Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 197, 151 L.Ed.2d 139 (2001). While German does not specify what this date is, it can be no earlier than the date of the petition itself, or January 15, 2001. Thus, we will assume that German may take advantage of this earlier date for purposes of considering the Government's arguments as to timeliness.

*The Date German's Judgment of Conviction Became "Final"*

The only one of the four subsections of section 2255 relating to the statute of limitations that is applicable in this case is "the date on which the defendant's judgment of conviction bec[ame] final." Case law is clear that, where no review is sought, the final date of the conviction is ten business days from the entry of the judgment of conviction, which is the deadline for filing a notice of appeal under Fed.R.App.P. 4(b)(1). *See, e.g., Moore v. United States,* No. 00 Civ. 4560, 2001 WL 253432 at *8 (S.D.N.Y. March 15, 2001); *Rodriguez v. United States,* No. 00 Civ. 7112, 2000 WL 1864038 at *1 (S.D.N.Y. Dec.20, 2000); *Martinez v. United States,* No. 00 Civ. 1214, 2000 WL 863121 at *1 (S.D.N.Y. June 28, 2000). German's judgment of conviction was filed on July 30, 1999, and entered on the docket on August 5, 1999. Thus, the time to file the notice of

appeal expired ten business days later on August 19, 1999.

Although German, acting *pro se*, filed a timely notice of appeal to the Court of Appeals for the Second Circuit on August 12, 1999, he was in fact barred from filing an appeal by virtue of his Plea Agreement and he thus voluntarily withdrew it by November 4, 1999. The Court is unaware of any case law that deals with the question of whether a judgment of conviction that is otherwise "final"—and for which no appeal may permissibly be taken—is rendered not "final" within the meaning of section 2255 through the filing of what is essentially a frivolous appeal that is actually withdrawn by the party filing it. On one hand, the judgment of conviction was theoretically subject to review by the Second Circuit, if only for the purpose of barring the appeal itself based on the Plea Agreement. On the other hand, the judgment was "final" in the sense that it could not permissibly be challenged by appeal—a fact recognized by German himself when he sought to withdraw the appeal. It would seem inconsistent with the purpose of section 2255 to allow a petitioner in this situation to unilaterally extend the limitations period set forth in 28 U.S.C. § 2255 by filing and then withdrawing a baseless appeal. Following this reasoning, German had a "final" judgment of conviction on August 19, 1999, and therefore his petition was untimely inasmuch as it was filed nearly five months after the due date for the filing of this petition, which expired on August 19, 2000—a date that is extended under Fed.R.Crim.P. 45(a) until the next business day, August 21, 2000.

This Court need not reach this issue, however, because German's petition is time barred even if his judgment of conviction is not considered "final" until the date on which the Second Circuit granted his motion to withdraw the appeal. Because the Court of Appeals issued the order granting the motion on November 4, 1999, German's time to file any challenge under section 2255 expired on November 6, 2000 (the first business day following November 4, 2000). As noted, the earliest date on which the present petition could be deemed filed is January 15, 2001. Thus, the petition was filed over two months late and must be dismissed.

Some courts have held that the judgment of a circuit court is not "final" until the time to seek review of the judgment by writ of certiorari has expired. *See, e.g., Kapral v. United States*, 166 F.3d 565, 570 (3d Cir.1999); *DeFeo v. United States*, 153 F.Supp.2d 453, 457–58 (S.D.N.Y.2001) (collecting cases); *Then v. United States*, 126 F.Supp.2d 727, 728–29 (S.D.N.Y.2001) (same). While the Second Circuit has not ruled on this issue, even a favorable ruling would be of no assistance to German. The cases that grant this 90–day period do so on the theory that, during the 90–day period following the Court of Appeals judgment, the judgment is not really "final" because the petitioner "retains the right to seek to overturn the judgment of the court of appeals in the Supreme Court." *Kapral v. United States*, 166 F.3d at 571; *see also United States v. Garcia*, 210 F.3d 1058, 1060–61 (9th Cir.2000); *United States v. Burch*, 202 F.3d 1274, 1276–77 (10th Cir. 2000).

■ German's ruling from the Second Circuit, however, was not a ruling on the merits of his judgment of conviction. In no sense did German "retain" any right to seek to have the Supreme Court "overturn" his own request to withdraw his appeal. The statute permitting a writ of certiorari to the Supreme Court contemplates a petition to "review" a judgment or decree of a court. *See* 28 U.S.C. § 2101 (certiorari available for "review" of a judgment or decree); *see also* Supreme Court Rule 13(1) (petition for writ of certiorari

available to "review" a judgment). No such "review" could have been sought by German. Thus, to the extent that his conviction was not final by August 21, 1999, it was certainly final on November 6, 1999. As a result, the present petition under section 2255 is untimely.

*Equitable Tolling*

 Because the one-year deadline for filing a section 2255 petition is a statute of limitations and not a jurisdictional bar, equitable tolling is available. *See Green v. United States,* 260 F.3d 78, 82 (2d Cir. 2001); *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.) (construing 28 U.S.C. § 2254), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). In order to establish equitable tolling, which applies only "in rare and exceptional circumstance[s]," *Smith,* 208 F.3d at 17, a petitioner must demonstrate (1) extraordinary circumstances that prevented the filing of his petition on time, and (2) that the petitioner acted with reasonable diligence throughout the period he seeks to toll. *Id.*

 German has offered no explanation for his delay in filing his petition even though he had the opportunity to address this issue in his Traverse, dated July 16, 2001. While German has complained generally about his inability to understand English and the lack of a law library in Spanish, these are not "extraordinary" circumstances that support equitable tolling. *See, e.g., Tan v. Bennett,* No. 00 Civ. 6413, 2001 WL 823869, at *2 (S.D.N.Y. July 20, 2001) (lack of English proficiency does not justify equitable tolling) (citing cases); *Zarvela v. Artuz,* No. 97 Civ. 2393, 1999 WL 1487595, at *2 (E.D.N.Y. Dec. 3, 1999) (lack of access to a law clerk, illiteracy, lack of English fluency and ignorance of the law are insufficient to demonstrate that circumstances effectively prohibited petitioner from filing in a timely manner),

*rev'd on other grounds,* 254 F.3d 374 (2d Cir.2001).

That these circumstances should not toll is particularly appropriate in German's case because German explicitly indicated his awareness on October 23, 1999, that he was required to pursue his claims through a motion under section 2255. *See* Petition (unnumbered exhibit dated October 23, 1999) (in moving to withdraw his appeal, German states that his claims "are more appropriate[ly] raised in a post-conviction motion to vacate sentence under 28 U.S.C. § 2255"). Despite knowing the proper procedure for challenging his conviction, German waited fifteen more months to file the instant petition. The record provides no reason that would excuse German's failure to file his petition in a timely fashion.

## CONCLUSION

For the foregoing reasons, German's petition should be dismissed as time-barred.

### Notice of Procedure for Filing of Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file any written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 40 Centre Street, New York, New York 10007. Any requests for an extension of time to file objections must be directed to Judge Rakoff. The failure to file timely objections will result in a waiver of those objections for purposes of

appeal. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

December 28, 2001.