Umarubor HARVEY, Petitioner,

v.

Hans WALKER, Superintendent of Auburn Correctional Facility, Respondent.

Nos. 99–CV–5917 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

June 12, 2003.

Umarubor Harvey, Pro Se, Malone, NY, for Petitioner.

Thomas M. Ross, Brooklyn, NY, for Respondent.

## ORDER

WEINSTEIN, Senior District Judge.

The petition for a writ of habeas corpus is dismissed at time-barred. A hearing was held to afford petitioner an opportunity to explain why the period of limitations should be equitably tolled and his petition deemed timely. Even taking into account equitable tolling for which petitioner is arguably entitled, his petition remains untimely.

## I. Limitations Period

Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). (A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired); *See McKinney v. Artuz,* 326 F.3d 87, 96 (2d Cir.2003); *see also* Sup.Ct. R. 13.

Prisoners whose convictions became final before the effective date of AEDPA, April 24, 1996, had a grace period of one year, until April 24, 1997, to file their habeas application. *See Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998).

In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted...." 28 U.S.C. § 2244(d)(2). In addition, the term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *See*

*Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *aff'd by* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

■ A pro se litigant is accorded "some degree of latitude" in meeting filing requirements. *Brown v. Superintendent,* 1998 U.S. Dist. LEXIS 1936, No. 97 Civ. 3303, 1998 WL 75686, at *4 (S.D.N.Y. Feb.23, 1998). But "[it] has long been recognized that ignorance does not excuse lack of compliance with the law." *Velasquez v. United States,* 4 F.Supp.2d 331, 334–35 (S.D.N.Y.1998) (holding that Bureau of Prison's failure to notify prisoners regarding AEDPA's time limitation did not warrant acceptance of untimely petition); see also *Brown,* 1998 WL 75686 at *4 ("self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of a statute of limitations").

■ "Equitable tolling … is only appropriate in 'rare and exceptional circumstances.' To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001).

## II. Application

■ Petitioner's conviction became final prior to the effective date of AEDPA. Absent tolling, he therefore had until April 24, 1997 to file his petition.

Petitioner apparently was in "keeplock status" from sometime before the effective date of AEDPA until May 7, 1996. This court will assume without deciding that equitable tolling is appropriate for the 13 days during which petitioner arguably had no notice that AEDPA had gone into effect. Petitioner therefore had until May 7, 1997 to file a timely petition.

On April 4, 1997, petitioner was hospitalized with knife wounds. As of that date, he had 33 days remaining to file his habeas corpus petition. Petitioner was released from the hospital at some unspecified time thereafter.

■ On June 1, 1998, petitioner filed an application with the Appellate Division for a writ of error coram nobis. That application was denied on November 16, 1998. This court will assume—for the sake of argument only, and based upon no factual evidence supplied by petitioner—that petitioner was hospitalized until the date that he filed his coram nobis application and that this entire period should be equitably tolled. The period of time during the pendency of the coram nobis application is tolled by statute. Petitioner, at best, therefore had 33 days from November 16, 1998—or until December 19, 1998—to file his habeas petition. The petition was filed on September 23, 1999, over nine months late even by the most generous of calculations.

■ The only other arguments petitioner urges in support of his contention that this court should equitably toll the statute are that he was ignorant of the law, that the legal issues he faced were complex, that some of his legal papers had been improperly thrown away while he was in the hospital, and that he had limited access to a law library. None of these explanations excuses the failure to timely file in the present case. The complexity of his legal issues does not excuse his failure to

file his petition and thereby preserve his chance to have his arguments heard. Petitioner acknowledges that he was able to regather his legal papers from his family. Finally, petitioner acknowledges that he had access to the law library; the restrictions he complains of—e.g., three days' notice required in order to visit the library—are arguably reasonable and would not have prevented a diligent inmate from filing his petition in a timely manner. None of these explanations set forth the rare and extraordinary circumstances required by law that prevented petitioner from filing in a timely manner.

There appears to be no merit to petitioner's contentions. No issue of actual innocence seems even suggestible.

III. Conclusion

The petition for a writ of habeas corpus is dismissed as time-barred.

No certificate of appealability is granted with respect to any of petitioner's claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

SO ORDERED.